**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

LAUREANO LEYVA ORTIZ,
Petitioner,

**-against-**

JOHN DOE, Hartford Field Office Director, Immigration and Customs Enforcement and Removal Operations (ICE/ERO);
TODD LYONS, Acting Director, US Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, Department of Homeland Security (DHS);
DARRIN MARGOLIN, Director, Executive Office for Immigration Review; and
TODD BLANCHE, Acting US Attorney General;
Respondents.

**Case No.** 26-1388

**PETITION FOR A WRIT OF HABEAS CORPUS**

## INTRODUCTION

1. Laureano Leyva Ortiz hereby seeks a writ of habeas corpus releasing him immediately from detention, or in the alternative, directing that he be provided with a bond hearing before an Immigration Judge forthwith.

2. Petitioner is a 48 year old citizen of Mexico, who has been physically present in the U.S. for twenty-five years, since 2001, when he entered the US by crossing the border from Mexico. He is married, with four US citizen children aged between 10 and 23, and works as a landscaper. His is currently in removal proceedings, with an appeal pending at the Board of Immigration Appeals since 2021.

3. Petitioner was detained by Respondents on August 27, 2026, while going to work. Petitioner has been in removal proceedings since 2017, and prior to then had a

pending asylum application with USCIS. He attended appointments with DHS and all Immigration Court appearances, yet Respondents have never sought to detain him, until yesterday. The sole reasons for Respondents' detention of him yesterday is not because he was determined to be a flight risk or a danger to the community, but instead in order to meet Respondents' daily quota of immigration arrests, and to further their goal of detaining as many non-citizens as possible. Upon his arrest, Petitioner was detained at the ICE Field Office at 450 Main Street Hartford Connecticut, and upon information and belief he is still there. The ICE detainee locator system contains no information about Petitioner's current location.

4. Although Petitioner is eligible for a bond hearing before an Immigration Judge while within the jurisdiction of the US Court of Appeals for the Second Circuit based on the decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), Respondents routinely transfer immigration detainees out of New York to jurisdictions where the right to a bond is not recognized, in order to defeat their eligibility for release. Further, Immigration Judges routinely deny bond or set excessively high bond amounts based on pretextual determinations of flight risk.

5. Petitioner now has no choice but to bring this Petition for a writ of habeas corpus, seeking immediate release from custody or else a bond hearing at which release is required unless the government shows by clear and convincing evidence that Petitioner is a flight risk.

**JURISDICTION**

6. This action arises under the U.S. Constitution and the Immigration and Nationality Act, at 8 U.S.C. §1101 et seq. This Court has habeas corpus jurisdiction pursuant to 5

U.S.C. §703, 28 U.S.C. §2241 et seq., and Article I, § 9, Clause 2 of the United States Constitution (suspension clause).

7. Petitioner is in custody under color of the authority of the U.S., in violation of the constitution and laws of the U.S.

**VENUE**

8. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e), because Petitioner is physically detained in this District and Respondents' principal place of business is in this district.

**PARTIES**

9. Petitioner Laureano Leyva Ortiz is a native and citizen of Mexico who has resided continually in the U.S. since 2001. He was detained by Respondents on August 26, 2026, and is currently in the physical custody of the Hartford Field Office of US Customs and Immigration Enforcement.

10. Respondent John Doe is the director of the Hartford ICE Field Office, and is Petitioner's immediate physical custodian.

11. Respondent Todd Lyons is the acting director of US Immigration Customs Enforcement, the agency responsible for Petitioner's detention.

12. Respondent Markwayne Mullin is Secretary of the Department of Homeland Security of the United States, an agency of the US government, responsible for administration and enforcement of the nations' immigration laws, including the apprehension and detention of non-citizens, including Petitioner.

13. Respondent Darrin Margolin is the Director of the Executive Office for Immigration Review, a sub-agency within the US Department of Justice, which houses the

Immigration Courts and Board of Immigration Appeals. Director Margolin is responsible for the conduct and policies of Immigration Judges conducting bond hearings for non-citizens, including the conduct and policies complained of herein.

14. Respondent Todd Blanche is US Attorney General, and as such is responsible for the decisions and actions of Respondent Margolin complained of herein.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

15. There are no exhaustion requirements with regard to the claim of unlawful detention, and exhaustion is only required when specifically mandated by Congress.

**RELEVANT LAW**

16. Detention of non-citizens can only occur in two discrete situations: pending a decision on whether they are to be removed, U.S.C. §§ 1225 and 1226, and after a final order of removal has been issued, 8 U.S.C. § 1231.

17. 8 U.S.C. § 1225(a) provides that "An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival…) shall be deemed for purposes of this chapter an applicant for admission." § 1225(b)(2) provides that an applicant for admission who is "seeking admission" and "who is not clearly and beyond a doubt entitled to be admitted shall be detained for a [removal] proceeding." There is thus no provision for a re-determination of custody for a person detained under § 1225(b)(2).

18. 8 U.S.C. § 1226(a) provides that "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States", and that pending such decision they may be released on a bond or a conditional parole (*id*, § 1226(a)(1) and (2)).

19. A Board of Immigration Appeals decision, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), precludes Immigration Judges from providing bond hearings to any non-citizen alleged to have entered the US without inspection, holding instead that they are all subject to mandatory detention under § 1225(b)(2). However, the US Court of Appeals has held in *Barbosa da Cunha*, 175 F.4th 61 (2d Cir. 2026) that § 1225(b)(2) applies only to noncitizens who are "seeking admission" at the border, and does not extend to noncitizens such as Petitioner who entered without inspection years prior and were subsequently detained. Those noncitizens were held to be properly detained under § 1226(a), making them eligible for a bond hearing.

20. For non-citizens detained under § 1226(a), their detention must be based on an individualized custody determination focused on whether they are a flight risk or danger to the community. 8 C.F.R. § 1236.1(c)(8). A non-citizen detained under this statutory provision is eligible for release (or to not be detained in the first place) upon a showing that they are not a danger to others or a flight risk. If the immigration officer does not order release, the non-citizen can seek review of that determination before an Immigration Judge, 8 C.F.R. § 1236.1(d)(1).

21. Further, and in addition to the statutory right to a bond hearing, non-citizens who have established connections in the US through lengthy residence, whether they are documented or otherwise, have due process rights in their immigration proceedings, including immigration-related detention. Although immigration detention is permissible pending removal proceedings, it must be based on a showing that the person is either a flight risk or a danger to the community; there is no other permissible

basis for it. Detention of a non-citizen without any such determination is a violation of due process.

**FACTS**

22. Petitioner is forty-eight year old native and citizen of Mexico, who has been living in the US since on or about 2001. He entered the US by crossing the US/Mexico border, and has lived in Connecticut since then. He is married and has three US citizen children, ranging in age from ten to twenty-three. He was arrested for DUI in 2007, pleaded guilty to driving while ability impaired, and has no other arrest history. He works as a landscaper, and attends Our Lady of Guadalupe Church.

23. Petitioner filed an application for asylum with USCIS on or about 2016, attended an interview with USCIS, and was placed in removal proceedings in Immigration Court on in 2017. In removal proceedings he applied for cancellation of removal, based on the hardship that his family would suffer if he were deported to Mexico. He duly attended all of his immigration court hearings, and after a final hearing, an Immigration Judge denied his application and ordered him removed to Mexico. Petitioner timely (in 2021) filed an appeal from that decision with the Board of Immigration Appeals, and filed his brief in support of the appeal by the deadline, in July 2022. DHS did not file any opposition to the appeal, and it remains pending. Throughout this entire time, Respondents never tried to detain Petitioner or suggested that he was a flight risk or a danger to the community.

24. On August 26, 2026, officers from Respondent ICE detained Petitioner while he was driving to work and placed him in the custody of the ICE Field Office in Hartford, Connecticut, where he remains.

25. Respondents did not detain Petitioner because they determined that he was a danger to the community or a flight risk. In fact, Respondents made no such determination, and instead detained him solely in order to increase the number of non-citizens in immigration custody, and to comply with a daily quota for arrests of non-citizens.

26. To the extent there is a statutory basis for Petitioner's detention, it is 8 U.S.C. § 1226(a).

27. Even though he is detained under 8 U.S.C. § 1226(a), Respondents did not make any determination pursuant to 8 C.F.R. § 236.1(c)(8) as to whether or not Petitioner is a flight risk or a danger to society prior to or subsequent to his detention, nor did they afford him the opportunity to make such a showing. Had he been afforded this opportunity, he might well have been released from custody at that time, or not been detained in the first place.

28. The proper remedy for this unlawful arrest and detention is release from custody.

29. Even if Petitioner is granted a bond redetermination hearing before an immigration judge, in practice that will afford him no relief unless the government is required to bear the burden of by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community. This is because immigration judges nationwide have a recent policy of denying bond to almost all non-citizens on pretextual grounds. Immigration Judges also consistently refuse to consider release on alternatives to detention through a conditional parole, even though the INA at 8 U.S.C. § 1226(a)(2)(B) specifically authorizes release on a conditional parole in lieu of a bond.

**CLAIMS FOR RELIEF**

**COUNT ONE: Detaining Petitioner after he has been resident in the US for twenty-five years, and in immigration proceedings since at least 2020 without any claim of dangerousness or flight risk violated Petitioner's right to substantive and procedural due process.**

30. Petitioner has been living in the US for over twenty-five years, during which time he has developed connections and roots in the country. He has never hidden himself from the authorities and instead attended immigration court hearings whenever required. Respondents made no attempt to detain Petitioner while attending any immigration appointments or immigration court hearings, thus showing that there was never a concern that he was a flight risk or a danger to the community. Petitioner thus has a protected liberty interest in his continued freedom and release from government detention.

31. Immigration detention is only authorized in two circumstances: where the person is a flight risk or is a danger to the community. Respondents, however, have detained Petitioner for one reason only: to meet an arrest quota. This is unconstitutional, and violates Petitioner's right to both substantive and procedural due process.

**COUNT TWO: Violation of 8 U.S.C. 1226(a) and Associated Regulations**

32. Under 8 C.F.R. § 236.1(c)(8), Petitioner was eligible to be released from custody (or not be detained in the first instance) upon a showing to ICE that he was not a danger to property or persons or a flight risk. ICE did not give Petitioner that opportunity, and did not consider Petitioner for such discretionary release.

33. This constitutes a denial of Petitioner's right to procedural due process.

**COUNT THREE: Respondents' classification of Petitioner as being subject to mandatory detention under 8 U.S.C. § 1225(b)(2) instead of discretionary detention under § 1226(a) violates the Immigration**

**and Nationality Act.**

34. Petitioner entered the US without inspection in 2001, and was detained in August 2026. Respondents will likely take the position that he is detained pursuant to 8 U.S.C. § 1225(b)(2), meaning that he is not eligible for release or for a bond hearing before an immigration judge.

35. As a non-citizen detained by Respondents many years after he entered the US, Petitioner's detention is governed 8 U.S.C. § 1226(a). *Barbosa da Cunha*, *supra,* 175 F.4th at 96. Under § 1226(a) and its implementing regulations, Petitioner is entitled to a constitutionally-adequate bond redetermination hearing before an Immigration Judge.

36. Respondents routinely transfer non-citizens such as Petitioner from within the jurisdiction of the Second Circuit Court of Appeals to jurisdictions such as the Firth Circuit where the statutory right to a bond hearing is not recognized (see *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)), and they are thus subject to mandatory detention without bond.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of Connecticut while this matter is pending;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted;

(4) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately,

or alternatively to grant him a bond hearing at which the government bears the burden of proving of proving that he is a danger to the community or a flight risk by clear and convincing evidence, and at which the Immigration Judge should consider alternatives to detention;

(5) Declare that Petitioner's detention is governed by 8 U.S.C. § 1226(a);

(6) Award Petitioner his reasonable litigation costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(7) Grant any further relief this Court deems just and proper.

Dated: August 27, 2026

/s/ Yifie He
Yifei He, Esq.
The Law Office of Yifei He, PLLC
32 Broadway, Suite 1710
New York NY 10004
(917) 477-7818
yifeihe.esq@gmail.com

/s/ Paul O'Dwyer
Paul O'Dwyer
Law Office of Paul O'Dwyer, P.C.
Attorney for Petitioner pro hac vice
11 Broadway Suite 715
New York NY 10004
(646) 230-7444
Paul.odwyer@paulodwyerlaw.com