**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LAUREANO LEYVA ORTIZ, | : | Case No. 3:26-cv-1388(KAD) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN DOE et al., | : | |
| Respondents. | : | September 3, 2026 |

MOTION TO DISMISS OR TRANSFER CASE FOR LACK OF JURISDICTION

Binding case law provides that "[f]or 'core habeas petitions,'" like this one, "'jurisdiction lies in only one district: the district of confinement.'" Trump v. J. G. G., 604 U.S. 670, 672 (2025) (quoting Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004)). The petitioner's counsel has advised that the habeas petition was filed at approximately 3:00 p.m. on August 27, 2026, and at that time the petitioner was in Massachusetts, where he had been detained since the evening of August 26, 2026. Because at the time the petition was filed, the petitioner was physically located in Massachusetts, the "one district" in which habeas jurisdiction lies is the District of Massachusetts.

Consequently, this court lacks jurisdiction over this case because the District of Connecticut is not the "one district" with habeas jurisdiction over this matter, and they respectfully move the court to dismiss the petition or transfer it to the District of Massachusetts.

## I. Factual Background

The facts of the timing of the petitioner's transfer from Hartford to Massachusetts cannot genuinely be disputed. While the petition alleges that the petitioner was detained

by ICE on August 27, 2026 (see Pet. ¶3), ICE records reveal that he was already in ICE custody the previous day, August 26, 2026. (See Ex. A, at 1-2.) The same record indicates that the petitioner was initially held at the ICE hold room in Hartford, but that at 7:15 p.m. on August 26, 2026, the petitioner departed Hartford along with a group of other detainees headed for ICE's hold room in Burlington, Massachusetts, where he arrived at 9:15 p.m. (Id. at 1, 5.)

On August 27, 2026, at 3:03 p.m., the undersigned was sent an ECF notification concerning an order that had entered in this case, and at 3:06 p.m., the undersigned was sent a copy of the petition and court's stay order by court staff. The undersigned confirmed receipt at 3:25 p.m., and at the same time sent a copy of the petition and order to ICE.[1]

## II. Argument

An action that challenges the validity of an individual's detention "falls within the 'core' of the writ of habeas corpus and thus must be brought in habeas." J.G.G., 604 U.S. at 672. Here, the petitioner challenges the validity of his ongoing detention, seeking a "writ of habeas corpus releasing him immediately from detention" or alternative relief pertaining to a bond hearing at which the petitioner would seek release from custody.

[1]The undersigned subsequently was advised that the petitioner was en route to Colorado on a flight that left Massachusetts at 3:07 p.m. on August 27, 2026. That departure appears to have been just a few minutes after the habeas petition was filed and before the stay order had been communicated to ICE. ICE's detainee locator indicates that the petitioner remains detained in Colorado at the time of this filing.

(Pet. ¶1.) Therefore, this action "must be brought in habeas" and is subject to the jurisdictional limits applicable to habeas actions.[2] J.G.G., 604 U.S. at 672.

As noted above, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." J. G. G., 604 U.S. at 672 (quoting Padilla, 542 U.S. at 443). And here, again as discussed above, there is no meaningful dispute that the petitioner was located in the District of Massachusetts when the habeas petition was filed on August 27, 2026.

In Ozturk v. Hyde, the Second Circuit was faced with an appellate motion to stay a district court order requiring the transport of the habeas petitioner in that case from Louisiana (where the petitioner had been eventually transferred for detention) to the District of Vermont (where the petitioner was in custody, in transit, when the habeas petition was filed). Ozturk v. Hyde, 136 F.4th 382, 387 (2d Cir. 2025). In that case, the Government challenged habeas jurisdiction in the District of Vermont, but the court concluded Vermont likely was the proper district for habeas purposes "because, at the time she filed, she was physically in Vermont and her immediate custodian was unknown." Id.

In reaching that conclusion, the Ozturk court began with the well-established jurisdictional rules that "for a federal court to entertain a habeas petition: that the petition be filed in the district of confinement and that it name the petitioner's immediate custodian." Id. at 390; see also id. ("Generally, '[w]henever a § 2241 habeas petitioner

[2]These jurisdictional rules are "not jurisdictional in the sense of a limitation on subject-matter jurisdiction, but rather akin to 'personal jurisdiction or venue.'" Padilla, 542 U.S. at 451 (Kennedy, J. concurring).

seeks to challenge his present physical custody within the United States,' he must file the petition in the district of confinement and name his immediate custodian as the respondent" (quoting Padilla, 542 U.S. at 447)). Moreover, the panel observed (and the undersigned apologizes for the repetition) that "[t]he Supreme Court has made clear 'the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.'" Id. at 391 (quoting Padilla, 542 U.S. at 443)).

With those underlying principles in mind, the Ozturk court straightforwardly applied them, just as the court should apply them in this case. Specifically, the Ozturk panel concluded that "[a]t the time the petition was filed, that 'one district' was the District of Vermont, where Öztürk was in transit to an ICE facility for the night." Id. at 391. The panel went on to note that "Vermont is therefore the ***only*** district in which the petition could have been brought at the time it was filed, and thus the ***only*** district to which it could be transferred." Id. (emphasis in original).

This court should reach the same conclusion. There is no genuine issue of fact that the petitioner was in Massachusetts at the time the habeas petition here was filed; therefore, the District of Massachusetts is the "one district," and therefore "the ***only*** district" where the habeas petition in this case properly is adjudicated. As a result, this court lacks jurisdiction over the petition. See Shinwari v. Mullin, No. 3:26-CV-514 (VDO), 2026 WL 974957, at *2 (D. Conn. Apr. 11, 2026) ("Massachusetts was indeed the district of confinement at the time of the filing of the petition, and this Court thus lacks jurisdiction.").

## III. Conclusion

Straightforward application of Supreme Court and Second Circuit case law provides that the only district with jurisdiction over the habeas petition in this case is the District of Massachusetts. Because for district-of-confinement purposes, the proper district with habeas jurisdiction is the "one district" where the petitioner is physically located, a finding that the habeas petition in this case properly may be decided in this district logically means that the habeas petition properly could not have been filed in the District of Massachusetts. That simply cannot be the case for an individual detained in the District of Massachusetts at the time of filing.

Respectfully, this matter must be dismissed or transferred.

Respectfully submitted,

David X. Sullivan
United States Attorney

/s/
John W. Larson (ct28797)
Assistant United States Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103
T: (860) 947-1101
F: (860) 760-7979
john.larson@usdoj.gov